1  McGREGOR W. SCOTT
   United States Attorney
2  PAUL HEMESATH
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                 CASE NO. 2:18-CR-179 MCE

12                          Plaintiff,        AMENDED STIPULATION REGARDING
                                              EXCLUDABLE TIME PERIODS UNDER SPEEDY
13                    v.                       TRIAL ACT; ORDER

14  ENELIDA GARCIA ACEVEDO, and               DATE: June 18, 2020
    STEPHANI ANN TORRES,                      TIME: 9:00 a.m.
15                                            COURT: Hon. Morrison C. England, Jr.
                            DEFENDANTS.
16

17

18

19         This case is set for a status conference on June 18, 2020.  On March 17, 2020, this Court issued

20  General Order 611, which suspends all jury trials in the Eastern District of California scheduled to

21  commence before May 1, 2020.  This General Order was entered to address public health concerns

    related to COVID-19.
22
           On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the
23
    Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to
24
    continue all criminal matters to a date after June 1.  General Order 618 continued the closure of the
25
    courthouses to members of the public without official business before the Court until further order, and
26
    also allowed district judges to continue criminal matters, excluding time under the Speedy Trial Act,
27
    referencing General Order 611, and the Ninth Circuit Judicial Council's Order declaring a judicial
28
    emergency in the district until May 2, 2021, suspending jury trials until further order, and ordering that

    STIPULATION REGARDING EXCLUDABLE TIME          1
    PERIODS UNDER SPEEDY TRIAL ACT

1    any criminal matters that remain on calendar are to be conducted by telephone or video conference to

2    the full extent possible, while allowing exceptions on a case-by-case basis.

3         Although the General Orders address the district-wide health concern, the Supreme Court has

4    emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

5    openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

6    *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

7    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

8    509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

9    judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

10   or in writing").

11        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

12   and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

13   continuances are excludable only if "the judge granted such continuance on the basis of his findings that

14   the ends of justice served by taking such action outweigh the best interest of the public and the

15   defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

16   "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

17   ends of justice served by the granting of such continuance outweigh the best interests of the public and

18   the defendant in a speedy trial."  *Id.*

19        The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

20   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

21   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

22   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

23   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

24   recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

25   *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

26   September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

27   similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

28        In light of the societal context created by the foregoing, this Court should consider the following

STIPULATION REGARDING EXCLUDABLE TIME          2
PERIODS UNDER SPEEDY TRIAL ACT

1  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

2  justice exception, § 3161(h)(7) (Local Code T4). 1  If continued, this Court should designate a new date

3  for the status conference.  United States v. Lewis, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

4  pretrial continuance must be "specifically limited in time").

5  **STIPULATION**

6  Plaintiff United States of America, by and through its counsel of record, and defendants, by and

7  through their respective counsel of record, hereby stipulate as follows:

8  1.      By previous order, this matter was set for status on June 18, 2020.

9  2.      By this stipulation, defendants now move to continue the status conference until August

10  13, 2020, and to exclude time between June 18, 2020, and August 13, 2020, under Local Code T4.

11  3.      The parties agree and stipulate, and request that the Court find the following:

12  a)      The government has represented that the discovery associated with this case

13  includes investigative reports and other evidence.  All of this discovery has been either produced

14  directly to counsel and/or made available for inspection and copying.

15  b)      Counsel for defendants desire additional time to consult with their clients, to

16  review the current charges, to conduct investigation and research related to the charges, and to

17  discuss potential resolutions with his/her client, to prepare pretrial motions.

18  c)      Counsel for defendants believe that failure to grant the above-requested

19  continuance would deny counsel the reasonable time necessary for effective preparation, taking

20  into account the exercise of due diligence.

21  d)      The government does not object to the continuance.

22  e)      In addition to the public health concerns cited by General Order 611 and

23  presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

24  this case because counsel or other relevant individuals have been encouraged to telework and

25  minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal

26  contact should the hearing proceed.

27

28  [1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

1    f)    Based on the above-stated findings, the ends of justice served by continuing the

2    case as requested outweigh the interest of the public and the defendants in a trial within the

3    original date prescribed by the Speedy Trial Act.

4    g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

5    et seq., within which trial must commence, the time period of June 18, 2020 to August 13, 2020,

6    inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

7    because it results from a continuance granted by the Court at defendants' request on the basis of

8    the Court's finding that the ends of justice served by taking such action outweigh the best interest

9    of the public and the defendants in a speedy trial.

10    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

11    Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

12    must commence.

13    IT IS SO STIPULATED.

14    Dated:  June 16, 2020                          McGREGOR W. SCOTT
                                                     United States Attorney
15
                                                     /s/ PAUL HEMESATH
16                                                   PAUL HEMESATH
                                                     Assistant United States Attorney
17
18    Dated:  June 16, 2020                          /s/ MIA CRAGER
                                                     MIA CRAGER
                                                     Counsel for Defendant
19                                                   ENELIDA GARCIA ACEVEDO

20
21    Dated:  June 16, 2020                          /s/ DANIEL OLSEN
                                                     DANIEL OLSEN
                                                     Counsel for Defendant
22                                                   STEPHANI ANN TORRES

23    IT IS SO ORDERED.

24    Dated:  June 16, 2020

25

26    MORRISON C. ENGLAND, JR.
      UNITED STATES DISTRICT JUDGE

27

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT