McGREGOR W. SCOTT
United States Attorney
PAUL HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>ENELIDA GARCIA ACEVEDO, and<br>STEPHANI ANN TORRES,<br><br>                              DEFENDANTS. | CASE NO. 2:18-CR-00179-MCE<br><br>STIPULATION REGARDING EXCLUDABLE<br>TIME PERIODS UNDER SPEEDY TRIAL ACT;<br>ORDER<br><br>DATE: August 13, 2020<br>TIME: 9:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

        This case is set for a status conference on August 13, 2020.  On March 17, 2020, this Court

issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled

to commence before May 1, 2020.  This General Order was entered to address public health concerns

related to COVID-19.

        On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the

Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to

continue all criminal matters to a date after June 1.  General Order 618 continued the closure of the

courthouses to members of the public without official business before the Court until further order, and

also allowed district judges to continue criminal matters, excluding time under the Speedy Trial Act,

referencing General Order 611, and the Ninth Circuit Judicial Council's Order declaring a judicial

emergency in the district until May 2, 2021, suspending jury trials until further order, and ordering that

1   any criminal matters that remain on calendar are to be conducted by telephone or video conference to

2   the full extent possible, while allowing exceptions on a case-by-case basis.

3        Although the General Orders address the district-wide health concern, the Supreme Court has

4   emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

5   openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

6   *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

7   exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

8   509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

9   judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

10  or in writing").

11       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

12  and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

13  justice continuances are excludable only if "the judge granted such continuance on the basis of his

14  findings that the ends of justice served by taking such action outweigh the best interest of the public and

15  the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

16  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

17  the ends of justice served by the granting of such continuance outweigh the best interests of the public

18  and the defendant in a speedy trial." *Id.*

19       The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

20  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

21  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

22  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

23  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

24  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

25  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

26  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

27  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

28       In light of the societal context created by the foregoing, this Court should consider the following

case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through their respective counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on August 13, 2020.

2.      By this stipulation, defendant now moves to continue the status conference until September 17, 2020, and to exclude time between August 13, 2020, and September 17, 2020, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes investigative reports and other evidence.  All of this discovery has been either produced directly to counsel and/or made available for inspection and/or copying.  The government is currently in the process of extracting data from phones seized on the day of the alleged violation. When that data becomes available, the government will provide that information to the defendants.

b)      Counsel for defendants desire additional time to consult with their clients, to review the current charges, to conduct investigation and research related to the charges, and to discuss potential resolutions with his/her client, to prepare pretrial motions.

c)      Counsel for defendants believe that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      In addition to the public health concerns cited by General Order 611 and

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal contact should the hearing proceed.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 13, 2020 to September 17, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

2    Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3    must commence.

4        IT IS SO STIPULATED.

5

6    Dated:  August 4, 2020                         McGREGOR W. SCOTT
                                                     United States Attorney

7

8                                                    /s/ PAUL HEMESATH
                                                     PAUL HEMESATH

9                                                    Assistant United States Attorney

10

11   Dated:  August 10, 2020                        /s/ MIA CRAGER
                                                     MIA CRAGER

12                                                   Counsel for Defendant
                                                     ENELIDA GARCIA ACEVEDO

13

14   Dated:  August 10, 2020                        /s/ DANIEL OLSEN
                                                     DANIEL OLSEN

15                                                   Counsel for Defendant
                                                     STEPHANI ANN TORRES

16

17                                        **ORDER**

18       IT IS SO ORDERED.

19   Dated:  August 10, 2020

20                                                   _____
                                                     MORRISON C. ENGLAND, JR.

21                                                   SENIOR UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28